IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LAQUANIA M. WILLIAMS                                                                      PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:16-CV-00098-NBB-JMV

BOARD OF COMMISSIONERS OF THE
GREENWOOD LEFLORE HOSPITAL                                                      DEFENDANT

<u>MEMORANDUM OPINION</u>

Presently before the court is the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

<u>Factual and Procedural Background</u>

The plaintiff, Laquania Williams, brings this action against her former employer, Greenwood Leflore Hospital ("GLH"), alleging violations under 42 U.S.C. § 12101 for claims arising under the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Amendments Act ("ADAA"). She further alleges violations under 42 U.S.C. § 2601 for claims arising under the Family and Medical Leave Act ("FMLA").

Williams contends that were it not for her alleged disability, suffering from back problems, that GLH would not have terminated her employment. Williams further argues that GLH wrongfully interfered with her FMLA rights by not providing her with FMLA leave. Williams additionally asserts, in the alternative, that her termination was an act of retaliation because of her request for FMLA leave and/or her taking FMLA leave.

Williams alleges that she suffered back problems for years before finally undergoing a successful surgery in 2009. In 2013, however, Williams reinjured her back while working at Parkwood, a behavioral healthcare center. On August 28, 2013, after the aforementioned injury,

GLH hired Williams as a registered nurse assigned to the hospital's Holding Unit. The Holding Unit is a facility within the hospital where individuals are housed for evaluation pursuant to a court order.

Williams worked without issue until sometime in January of 2014 when she began experiencing back pain. During this time, her primary care physician referred her to a specialist who ultimately recommended that she undergo another surgery. When she spoke with GLH's human resources department, Williams alleges she was informed that she would lose her job if she had the surgery. Williams, therefore, chose not to undergo surgery at that time.

Over a year later, in July of 2015, Williams again began experiencing back pain and decided she needed to seek medical attention. On July 15, 2015, Williams requested the day off to see a doctor. Williams' supervisor, Rebecca Edwards, allegedly responded to this request by explaining that if she did take off, she would likely be fired. Williams, however, believed that she had sick leave remaining, and had someone else cover her shift that day and went to seek treatment.

Williams sought treatment from Dr. Wells, her long-time physician, and he referred her to a neurologist. Dr. Wells also provided a doctor's excuse and advised that he felt it was best that Williams not return to work until after her appointment with the neurologist. Later that day, Williams presented the excuse to GLH and expressed her desire to take FMLA leave. GLH informed Williams that she did qualify for FMLA leave and gave her the requisite paperwork to be completed and submitted within fifteen days.

Pursuant to Dr. Wells' instruction, Williams remained off work until her appointment with the neurologist, Dr. Eckman, on July 22, 2015. Williams submitted the completed FMLA paperwork and applied for short-term disability later that day. The following day, July 23, 2015,

2

Williams returned to work, and, at the end of her shift, GLH terminated her employment. GLH explained to Williams that she was being fired because it believed she had allowed an unauthorized person to administer a medical injection.

The incident to which GLH was referring occurred in June of 2015. John Doe was a patient in the holding unit from June 17 through June 30. Doe acted in an especially difficult manner on June 21, such that Williams felt it necessary to give a medical injection to calm him down. Williams called security for help and, because of Doe's erratic behavior, she allowed another GLH employee, Talmidge Meeks, to administer the medication.

Meeks was enrolled in a Registered Nursing program at an affiliated school of nursing and was participating in GLH's "Nurse Extern" program at the time. Pursuant to a hospital policy allowing nurse externs to engage in such actions under the direction of an instructor, Williams believed Meeks was authorized to administer the injection.

GLH, however, asserts that on the date in question and in that particular unit of the hospital, Meeks was not a nurse extern. Instead, according to GLH, Meeks was working solely as a Mental Health Technician ("MHT") in the holding unit that day and, consequently, was unauthorized to administer such medications.

Following her termination, Williams filed a charge with the Equal Employment Opportunity Commission and, after exhausting her administrative remedies, filed the instant suit. GLH now moves for summary judgment and argues that Williams has failed to demonstrate the existence of a genuine issue of material fact.

Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). Courts have placed the burden upon the moving party to show an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Moreover, "at the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the inquiry performed by the trial judge is merely a "threshold inquiry" of whether a trial is needed. *Id.* at 250.

"Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989). Further, the court has discretion to allow the plaintiff's claims to proceed to trial. *Anderson*, 477 U.S. at 255. (stating "Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to trial.") When a case presents a "close call," courts generally find this to favor the non-moving party. *See E.E.O.C. v. West Customer Management Group, LLC*, 899 F. Supp. 2d 1241, 1258 (N.D. Fl. 2012) (citing *Russsaw v. Barbour Cnty. Bd. of Educ.*, 891 F. Supp. 2d 1281, 1295 (M.D. Ala. 2012)).

Analysis

At the outset, the court notes that Williams has asserted an ADA claim for failure to accommodate. Williams, however, raises this particular ADA claim for the first time in her response to the instant motion. Consequently, this claim is not properly before the court, and is, therefore, procedurally barred. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108 (5th Cir. 2005). However, even if the claim were properly before the court, it would fail on the merits.

"An employee who needs an accommodation because of a disability has the responsibility of informing her employer." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009). Further, "where the disability, resulting limitations, and necessary accommodations are not open, obvious, and apparent to the employer, the initial burden rests upon the employee . . . to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodation." *Taylor v. Principle Fin. Grp.*, 93 F.3d 155, 156 (5th Cir. 1996). Williams points to no evidence demonstrating that she ever informed GLH of her need for an accommodation.

Moreover, Williams now contends that GLH could have offered her time off as a reasonable accommodation under the ADA. But, "no such requirement exists under the ADA" to reasonably accommodate an employee's leave of absence, as a "reasonable accommodation does not require [an employer] to wait indefinitely for [the employee's] medical condition to be corrected." *Vanderford v. Parker Hannifin Corp.*, 971 F. Supp. 1079, 1081 (N.D. Miss. 1997) (citing *Rogers v. International Marine*, 87 F.3d 755, 759 (5th Cir. 1996)). For these reasons, the court finds that Williams has failed to establish an ADA failure to accommodate claim. Accordingly, GLH is entitled to summary judgment with respect to this claim.

As to the plaintiff's remaining claims, the court finds the existence of genuine issues of material fact including, but not limited to, whether Meeks was working as a nurse extern or an MHT at the time he gave Doe the injection, whether the week of leave taken between Williams' doctor appointments constituted FMLA leave, whether GLH terminated Williams' employment because of her back problems and/or because she sought medical attention, and whether GLH terminated Williams' employment due to her request for and/or taking FMLA leave. Because of the existence of genuine issues of material fact, the court finds that GLH is not entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion for summary judgment should be granted in part and denied in part. The motion shall be granted as to the plaintiff's ADA failure to accommodate claim and that claim shall be dismissed. The motion shall be denied as to the plaintiff's remaining claims. Those claims shall proceed to trial. A separate order in accord with this opinion shall issue this day.

This, the 10th day of May, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**